# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE E. TODD,<br><br>      Plaintiff,<br><br>v.<br><br>WARDEN BIGELOW et al.,<br><br>      Defendants. | **MEMORANDUM DECISION & ORDER DIRECTING MARTINEZ REPORT AND DISPOSITIVE MOTION**<br><br>Case No. 2:09-CV-808 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, Shayne E. Todd, an inmate at Utah State Prison, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2011). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* § 1915. Service of process was effected and Defendants answered. The Court now orders further response from Defendants as follows:

    (A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must, within ninety days,

        (i) prepare and file a *Martinez* report limited to the exhaustion issue[1];

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

>   >   (ii) file a separate summary judgment motion, with a
>   >   supporting memorandum; **and**
>   >
>   >   (iii) submit a proposed order for dismissing the case
>   >   based upon Plaintiff's failure to exhaust, in word
>   >   processing format, to:
>   >   utdecf_prisonerlitigationunit@utd.uscourts.gov.
>   >
>   > (B) If Defendants choose not to rely on the defense of
>   > failure to exhaust and wish to pierce the allegations of the
>   > complaint, Defendants must, within ninety days,
>   >
>   >   (i) prepare and file a *Martinez* report addressing the
>   >   substance of the complaint;
>   >
>   >   (ii) file a separate summary judgment motion, with a
>   >   supporting memorandum; **and**
>   >
>   >   (iii) submit a proposed order for dismissing the case
>   >   based upon the summary judgment motion, in word

---

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

processing format, to:

utdecf_prisonerlitigationunit@utd.uscourts.gov.

Plaintiff is notified that if Defendants move for summary judgment Plaintiff cannot rest upon the mere allegations in the complaint.  Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) When filing (on exhaustion or any other basis) a *Martinez* report **with** a summary judgment motion and proposed order, Defendants must do so within ninety days.

(4) When served with a *Martinez* report and a summary judgment motion or motion to dismiss, Plaintiff may file a response within thirty days.

(5) Summary-judgment motion deadline is in ninety days.

DATED this 26th day of April, 2011.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court